JOHN W. BARCKLOW v. JOHN L. HUTCHINSON.

1. A freeholder, resident in the county, is privileged from arrest by a warrant from a justice's court, in cases of fraudulent debt, unless the justice adjudges that he is satisfied the plaintiff will be in danger of losing his debt, if the process be by summons, or will depart, &c.

2. The judgment of the Court of Common Pleas, in a case of appeal, which did not state that any evidence was heard, held to be *prima facie* good.

3. Where an appellant, who had filed a written plea before the justice, stating that he was a freeholder, but omitting to state that he was a resident of the county, and admitted the debt, but rested his case before the common pleas entirely on his plea, *held*—that he thereby waived any other irregularities of the justice, and that it was no error to overrule the plea and give judgment for the debt.

This was a *certiorari* to the Court of Common Pleas of the county of Mercer, to bring up the proceedings and judgment in a case of appeal, and was argued before Justices ELMER, VREDENBURGH, and WOODHULL, by *T. G. Lytle* and *P. D Vroom*, for the plaintiff, and by *J. F. Hageman*, for the defendant in *certiorari*.

The opinion of the court was delivered by

ELMER, J.   Affidavits having been presented to the justice, he adjudged that the defendant was about to remove his property out of the jurisdiction of the court, with intent to defraud his creditors, and ordered that a warrant issue against him, at the suit of Hutchinson, in an action of debt. Upon the return of the warrant, with the defendant in custody, a motion was made by his counsel to dismiss the proceedings, for the insufficiency of the affidavits and order, which motion was overruled, and the defendant thereupon gave security for his appearance at a future day.   On that day the parties appeared ; the defendant filed a written plea, to which was annexed his own oath that it was true, alleging that he was a freeholder in the county of Mercer, offered a deed in evidence, and insisted upon being discharged ; but the justice overruled the plea, and the trial proceeded, which resulted in a judgment for the plaintiff.

The record of the Court of Common Pleas, sent up in return to the *certiorari*, sets forth that the cause between the parties named coming on to be heard, and the arguments of counsel being heard and considered, it is ordered, that the judgment rendered in the court below be reversed, and that judgment be entered in favor of the plaintiff against the defendant, for a sum stated, of debt and costs, besides costs of appeal to be taxed.

After the presentation and return of the writ of *certiorari*, the Court of Common Pleas ordered a new entry of the judgment to be made, as a correction and amendment of the original entry, so as to conform to the facts of the case, which states the proceedings as afterwards returned, in

obedience to a rule of this court. This return sets forth, that the said John Barcklow, by his counsel, did admit, on the trial of the appeal, the claim of the plaintiff below, and did move to dismiss the plaintiff's suit, upon the plea and affidavit thereto of said defendant below, and rested his objection wholly upon such plea, and that the court heard and decided the said appeal upon the sufficiency of that plea alone, no other question being submitted to said court by the defendant for their consideration, and did further certify, that the entry and record of said judgment on said appeal had, by the order of the said court, been amended since the return of the *certiorari* was made, a copy of said amended judgment being annexed to said rule.

It was insisted, on behalf of the plaintiff in *certiorari*, that it appeared by the affidavits and other papers returned by the justice, that he was illegally arrested upon a warrant, he being at the time a freeholder and resident in the county. These proceedings were all before the Court of Common Pleas upon the hearing of the appeal, and are rightly brought here by the *certiorari*. But the errors we are called on to consider are not the errors of the justice, but the errors, if any, of the Court of Common Pleas. It appears, by the return of that court to the rule properly obtained here, that the appellant, who is now the plaintiff in *certiorari*, admitted the plaintiff's claim, and submitted his case entirely on the sufficiency of his plea. The defendant was privileged from arrest by a warrant, if he was a resident freeholder of the county, unless the plaintiff had, as required by the eleventh section of the small causes act, *Nix. Dig.* 422,* proved by his own, or the oath or affirmation of an indifferent person, to the satisfaction of the justice, that if the process should be by a summons, he was in danger of losing his debt or demand, &c. The fourth section of the act respecting imprisonment for debt is entirely consistent with the tenth and eleventh sections of the small causes act, and both must be complied with. If the defendant is, in fact, a freeholder and resident in the county, it is his privilege to claim immunity

*Rev., p. 540, § 13.

from arrest, unless the justice is satisfied, and so adjudges, that the plaintiff will be in danger of losing his debt or demand, or that such freeholder will abscond or depart, &c., if the process is by summons, and is entitled to prove the facts by his own oath, or otherwise, in the justice's court, so that his witnesses may be cross-examined, and proof be heard on the other side, if offered. The plea relied upon in this case is plainly defective, in not setting forth that the defendant was resident in the county, so that there was no error in overruling it, or in giving judgment to the plaintiff for the debt admitted to be due.

Another reason relied on for reversal was, that the original judgment entered in the Court of Common Pleas was so defective as to be erroneous and void. In my opinion, this judgment was, *prima facie*, sufficient.. No law requires the Court of Common Pleas to record the names of the witnesses, or to show on their record that their judgment was supported by evidence. The presumption is, that everything was rightly done, unless the contrary appears. *Woodruff* v. *Badgley*, 7 *Halst.* 367.

It was undoubtedly irregular to amend the judgment without authority from this court, after the return of the *certiorari*, which virtually removed the record and proceedings into this court. The return to the rule obtained here, however, is properly made, and is entitled to be used to inform us what the proceedings of the court, on the trial of the appeal, actually were. By this, it appears that the defendant, the appellant, by his counsel, rested his case entirely on his plea. This was clearly a waiver of all other errors and irregularities of the justice, if any there were.

The judgment of the pleas must be affirmed.